No. 17,749.

Marie W. Lee *v.* Cecil Lee.
(293 P. [2d] 293)

Decided January 16, 1956.   Rehearing denied February 27, 1956.

Messrs. Seavy & Seavy, for plaintiff in error.

Mr. A. T. Stewart, Mr. Walter J. Predovich, for defendant in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the Court.

This controversy concerns a property settlement between the parties which was decreed by the trial court

after a divorce decree was entered, upon a hearing to the court specifically held for that purpose.

Defendant in error Cecil Lee, after a marriage to plaintiff in error Marie W. Lee that existed for thirty-one years, on June 25, 1953, filed his complaint for divorce, alleging cruelty on the part of defendant wife. Answer and cross complaint alleging cruelty on the part of plaintiff was filed and plaintiff withdrew his complaint and consented that the matter be disposed of as a noncontested divorce action with the reservation that a hearing be later held to determine a property settlement. The final decree of divorce was entered on July 13, 1954, in favor of defendant wife. Without any pleadings being filed, the court set December 29, 1954 as a date to hear the property settlement. At that time both parties were approximately fifty-six years old.

Both parties testified at considerable length concerning their financial situation from the time of the marriage. Without detailing this testimony, it appears that for a considerable time after the marriage there was but little financial gain by either or both parties; however, during this time the wife did receive some inheritances by which she augmented the family income and many family obligations were satisfied in this manner, while some of the money was loaned to the husband. During the period from 1933 to 1944, the husband, earning a salary of $275 and better per month, loaned virtually all of his earnings to his mother, amounting to the sum of $44,268.53. This enabled her to take care of a loan on the Colorado Building, a valuable building in the business district of Pueblo. During all of this period the wife contributed funds to the family upkeep and thus contributed to the interest in the property through which the husband later received a sizable inheritance.

Without further detail, the trial court decreed a property settlement largely upon the respective rights of the parties in and to their earnings without taking into consideration the inheritance received by the husband.

There would have been no inheritance had it not been for the contribution of the wife and her efforts during that period. Under the circumstances, this was error on the part of the trial court and the judgment is reversed and the cause remanded with directions to take additional testimony, if necessary, and to modify the judgment to the end that this inheritance be reflected in an equitable allowance to defendant wife therefor.